UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

APR 4 2024 PM1:40
FILED - USDC - BPT - CT

Grand Jury B-22-1

UNITED STATES OF AMERICA

v.

KEVIN KOLENDA

CRIMINAL NO. 3:24-CR-72 (SRU) ( )

VIOLATIONS:

18 U.S.C. § 1343
(Wire Fraud)

INDICTMENT

The Grand Jury charges:

COUNTS 1-6
(Wire Fraud)

1. At all relevant times, defendant KEVIN KOLENDA ("KOLENDA") was a resident of Connecticut.

2. At all relevant times, KOLENDA was the owner and operator of Hole-In-Won LLC (hereinafter "Hole in Won"), which was based in Norwalk, Connecticut. Hole in Won provided prize insurance to customers who offered promotions or prizes at events, such as golf tournaments or fishing contests.

3. Hole in Won had a promotional website, www.hole-in-won.com, where it billed itself as "the most successful prize insurance company in the world" and claimed it had "paid out 1000's of awards" to winners throughout the world.

The Scheme

4. Beginning in or before 2019 and continuing through the date of this Indictment, in the District of Connecticut and elsewhere, KOLENDA, knowingly and with the specific intent to defraud, devised and intended to devise a scheme and artifice to defraud Hole in Won customers and others associated with events involving those customers, and to

obtain money and property of those customers and others by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing that scheme, did knowingly transmit, and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds.

Manner and Means of the Scheme

5. It was part of the scheme that KOLENDA and Hole in Won advertised promotional or prize insurance on Hole in Won's website and elsewhere. Victims of the scheme, often charitable or civic organizations that were hosting fundraising events, would contact KOLENDA to obtain insurance for one or more prizes at the event. For example, the host of a golf tournament might include a lucrative prize, such as a new car, for any player who hits a hole in one on a specific hole to incentivize participation in the tournament and increase donations to the host organization. KOLENDA or another Hole in Won employee would send an insurance contract to the host of the event. The victim host or organization then would complete and send back the contract and pay the insurance premium via check or credit card payment into an account controlled by KOLENDA.

6. It was part of the scheme that KOLENDA and Hole in Won would promise to pay out the insurance claim for the total cost of the insured prize if there was a winner at the event, even though KOLENDA intended to employ false and fraudulent techniques to attempt to avoid paying any claim should someone win the insured prize.

7. It was part of the scheme that if no one won the insured prize at the event, KOLENDA and Hole in Won would keep the insurance premium paid by the customer.

8. It was part of the scheme that if someone did win an insured prize at the event, the insured party would seek payment on the claim by Hole in Won. In those cases,

KOLENDA would use various false and fraudulent techniques to avoid payment of the claim. For example, KOLENDA would make excuses to victims as to why Hole in Won did not have to pay out the cost of the claim, would refer victims to a Hole in Won "claims department" at an office in Washington, D.C., that did not exist, and would threaten victims with bogus legal action and reputational harm if they continued to seek payment of the claim. Ultimately, KOLENDA and Hole in Won often would stop responding to correspondence from the victim host or organization and would refuse to pay out the cost of the insured prize.

9. As a result of the scheme, the victim host or organization, or its partners, often would have to pay for the cost of the insured prize themselves, despite also having paid for the insurance premium with Hole in Won, in order to avoid reputational harm and potential legal action.

10. Through this scheme, KOLENDA has defrauded dozes of organizations and individuals out of nearly a million dollars, including approximately $850,000 in insurance premiums paid under false pretenses and more than $100,000 in prize costs that Hole in Won failed to pay.

<u>Executions of the Scheme</u>

11. On or about the dates set forth in each count below, in the District of Connecticut and elsewhere, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, KOLENDA did knowingly transmit, and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, each wiring as set forth below constituting a separate count of this Indictment:

| Count | Date | Description of Interstate Wire Caused by KOLENDA |
|---|---|---|
| 1 | June 5, 2019 | A transfer of $218.27, which represented a premium payment from a victim with the initials C.T.B.C., from a Square account ending ZCN6 in the name of Hole-in-Won.com and controlled by KOLENDA, to a Bank of America account ending 1549 in the name "Compliance HIW LLC" controlled by KOLENDA and opened in the District of Connecticut. |
| 2 | September 19, 2019 | A transfer of $1,995.43, which included a premium payment from a victim with the initials R.S., from a Square account ending ZCN6 in the name of Hole-in-Won.com and controlled by KOLENDA, to a Bank of America account ending 1549 in the name "Compliance HIW LLC" controlled by KOLENDA and opened in the District of Connecticut. |
| 3 | August 28, 2020 | A transfer of $3,617.16, which included a premium payment from a victim with the initials B.A., from a Square account ending 3HFE in the name of "Compliance HIW" and controlled by KOLENDA, to a First County Bank Account ending 0930 in the name "Compliance HIW LLC" controlled by KOLENDA and opened in the District of Connecticut. |
| 4 | February 25, 2022 | A transfer of $7,182.52, which included a premium payment from a victim with the initials W.L.F.D., from a Merchants Bancard Network ("MBN") account ending 7984 in the name of Hole in Won and controlled by KOLENDA, to a First County Bank Account ending 0930 in the name "Compliance HIW LLC" controlled by KOLENDA and opened in the District of Connecticut. |
| 5 | May 31, 2023 | A transfer of $16,344.00, which included a premium payment from a victim with the initials L.V., from a MBN account ending 7984 in the name of Hole in Won and controlled by KOLENDA, to a First County Bank Account ending 0930 in the name "Compliance HIW LLC" controlled by KOLENDA and opened in the District of Connecticut. |
| 6 | June 25, 2023 | A transfer of $3,050.00, which included a premium payment from a victim with the initials N.A., from a MBN account ending 7984 in the name of Hole in Won and controlled by KOLENDA, to a First County Bank Account ending 0930 in the name "Compliance HIW LLC" controlled by KOLENDA and opened in the District of Connecticut. |

All in violation of Title 18, United States Code, Section 1343.

FORFEITURE ALLEGATION
(Wire Fraud Offenses)

12. Upon conviction of one or more of the wire fraud offenses alleged in Counts One through Six of this Indictment, the defendant KEVIN KOLENDA shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all right, title, and interest in any and all property, real or personal, which constitutes, or is derived from, proceeds traceable to violations of Title 18, United States Code, Section 1343, and a sum of money equal to the total amount of the proceeds obtained as a result of the offenses.

13. If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All in accordance with Title 18, United States Code, Section 981(a)(1); Title 21, United States Code, Section 853; Title 28, United States Code, Section 2461(c); and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
FOREPERSON

UNITED STATES OF AMERICA

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

ROSS WEINGARTEN
ASSISTANT UNITED STATES ATTORNEY